## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ABIODUN SOWEWIMO, Inmate #B43909,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 05-062-MJR** |
| ) | |
| **DIANA HANKINS, ANDREW WILSON, A. UCHTMAN, E. McADORY, DEBI MEDDENDORF, W. SPILLER, ROGER MOORE, and UNKNOWN PARTY,** ) ) ) ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**   Against all Defendants for violations of due process in disciplinary hearings.

**COUNT 2:**   Against all Defendants for unconstitutional retaliation for filing lawsuits.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that all defendants have been involved in a conspiracy to file false disciplinary

charges against him in violation of his rights under the due process clause.  Plaintiff states that false

disciplinary charges were filed against him on November 5, 2001, February 22, 2002, June 13, 2002,

September 4, 2003, and February 22, 2004.  In each instance, Plaintiff was found guilty of the

charges and was disciplined with time in segregation, demotion to c-grade status, and/or denial of

commissary privileges.  Plaintiff states that he was found guilty without proper evaluation of the

evidence and that defendants did not follow state procedures in the disciplinary hearings,

When a plaintiff brings an action under § 1983 for procedural due process violations, he must

show that the state deprived him of a constitutionally protected interest in "life, liberty, or property"

without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due

process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison.  *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

As a result of the disciplinary findings, Plaintiff was put in segregation, demoted to C-grade, and denied commissary privileges.  However, these allegations do not present viable due process claims because Plaintiff has no guaranteed liberty interest in being in the general population, being demoted to c-grade status, or in loss of commissary privileges.  *See, e.g., Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997), *Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997).  Accordingly, Count 1 of the complaint is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

### COUNT 2

Plaintiff states that all defendants are part of a retaliatory conspiracy against him for past

-3-

lawsuits he has filed against Menard officials.  Plaintiff states that defendants have committed the following "discriminatory" acts of retaliation:  filing false disciplinary charges against him, denying him a transfer to another Illinois Department of Corrections facility, intentionally housing Plaintiff in "high aggression" cellhouses near known enemies, refusing to give him a prison job, refusing to provide him with medical treatment, refusing to provide him with stamps and envelopes, denying him necessary hygiene items, and by giving him contaminated drinking water that causes pains in his veins, bones, and muscles, and ultimately causing Plaintiff to be at risk of death.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

Based on these legal standards, Count 2 cannot be dismissed from the action at this point in the litigation.

### DEFENDANTS

A word about defendants is in order.  Plaintiff lists in the caption of the complaint "John Does" as defendants, yet nowhere in the factual allegations does Plaintiff specify any actions taken against him by the John Doe defendants.  As such, John Does are **DISMISSED** as defendants from the action.  Plaintiff's complaint also contains specific allegations against Major Wine.  Plaintiff has filed a USM-285 form for Major Wine.  The Court finds that Plaintiff intended for Major Wine to

be a defendant in the action.  Accordingly, the Clerk is **DIRECTED** to add Major Wine as a defendant in the action.

### SUMMARY AND CONCLUSION

Plaintiff may proceed against Defendants Hankins, Wilson, Uchtman, McAdory, Meddendorf, Spiller, Moore, and Wine on Count 2 of the complaint.  The John Doe defendants and Count 1 are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Hankins, Wilson, Uchtman, McAdory, Meddendorf, Spiller, Moore, and Wine***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Hankins, Wilson, Uchtman, McAdory, Meddendorf, Spiller, Moore, and Wine*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTIONS

Currently pending before the Court are Plaintiff's motions for a status hearing in the action (Docs. 8, 10). In both motions, Plaintiff requests that the Court proceed with review of the action. The Court has now completed its threshold review of the complaint and has ordered service upon the defendants. Accordingly, Plaintiff's motions for a status hearing (Docs. 8, 10) are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 11th day of August, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**